UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NOURHAN ELBASSIONY,

                              PLAINTIFF,

-AGAINST-

NEW YORK CITY, POLICE OFFICER MATTHEW SLAVIN, POLICE OFFICER MICHAEL PASCALE, POLICE OFFICER STEPHANIE DROZD, POLICE OFFICER PHILIP MEI, POLICE OFFICER JOSEPH VARRONE, POLICE OFFICER RIGERS TOPI, POLICE OFFICER NICHOLAS MOSBY, POLICE OFFICER JOHN DOE, LIEUTENANT BILLY MORALES and LIEUTENANT MICHAEL FLEMING, individually, and in their capacity as members of the New York City Police Department,

                              DEFENDANTS.

**AMENDED COMPLAINT**

**19-CV-2128**

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff Ms. Nourhan Elbassiony ("Ms. Elbassiony") seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about October 13, 2017, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Ms. Elbassiony to, *inter alia*, False Arrest, Excessive Force, Denial of Right to Fair Trial, and Malicious Prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Ms. Elbassiony, is a citizen of the United States and at all times here relevant resided at 2692 Batchelder Street, Brooklyn, NY 11235.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Matthew Slavin ("PO Slavin"), Police Officer Michael Pascale ("PO Pascale"), Police Officer Stephanie Drozd ("PO Drozd"), Police Officer Philip Mei ("PO Mei"), Police Officer Joseph Varrone ("PO Varrone"), Police Officer Rigers Topi ("PO Topi"), Police Officer Nicholas Mosby ("PO Mosby"), Police Officer John Doe ("PO John Doe"), Lieutenant Billy Morales ("Lt. Morales"), and Lieutenant Michael Fleming (" Lt. Fleming") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

# FACTUAL ALLEGATIONS

10. Ms. Elbassiony is twenty-four years old and is studying physical therapy at New York University.

11. On or about October 13, 2017, at approximately 10:45 pm, Ms. Elbassiony was with her sister and a classmate at a hookah lounge in Bay Ridge, Brooklyn.

12. Ms. Elbassiony left the hookah lounge to get her phone charger from her car.

13. Ms. Elbassiony had parked her car across the street from the hookah lounge.

14. As Ms. Elbassiony returned to the hookah lounge, she noticed a male being arrested by police officers.

15. Several individuals then gathered outside of the hookah lounge.

16. Ms. Elbassiony knew one of the individuals who had gathered as being Mohamed, who worked in the hookah lounge.

17. Mohamed was filming the police officers with his cell phone and was asking them for their names and badge numbers.

18. Two of the police officers, PO Pascale and PO Slavin, went to arrest Mohamed.

19. Mohamed threw his cell phone to Ms. Elbassiony and asked her to contact his mother.

20. As Ms. Elbassiony went to pick up the cell phone, she was grabbed, without legal justification, by PO Topi, PO Mosby, and PO John Doe.

21. PO Tobi, PO Mosby, and PO John Doe violently shook Ms. Elbassiony from side to side and twisted her knee.

22. Ms. Elbassiony heard her knee pop.

23. Ms. Elbassiony was in a great deal of pain.

24. Ms. Elbassiony was taken by ambulance to NYU Langone Lutheran Hospital.

25. After some time, PO Mei and PO Varrone came to the hospital and spoke with Ms. Elbassiony.

26. Ms. Elbassiony informed the officers that she wished to make a complaint.

27. PO Mei and PO Varrone then left the hospital and went to the 68th Precinct.

28. At the precinct, upon learning that Ms. Elbassiony had been injured and wished to make a complaint, Lt. Fleming and Lt. Morales decided that Ms. Elbassiony should be arrested.

29. PO Mei and PO Varrone returned to the hospital and informed Ms. Elbassiony that she was under arrest.

30. PO Mei and PO Varrone handcuffed Ms. Elbassiony to the bed and attempted to shackle her ankle to the bed, but were unable to do so as a result of Ms. Elbassiony's knee injury.

31. After several hours, Ms. Elbassiony was taken to the 68th Precinct, where she was processed.

32. PO Pascale was designated as Ms. Elbassiony's arresting officer.

33. Ms. Elbassiony was then taken back to the hospital to receive further treatment for her injury.

34. Ms. Elbassiony was charged with Obstruction of Governmental Administration, Disorderly Conduct, and Harassment.

35. The Criminal Court Complaint, as sworn to by PO Drozd in a Corroborating Affidavit, falsely states that PO Drozd informed Ms. Elbassiony to step out of the street onto the sidewalk and that Ms. Elbassiony refused to comply.

36. The Criminal Court Complaint, as sworn to by PO Drozd in a Corroborating Affidavit, also falsely states that PO Drozd observed Ms. Elbassiony run up to PO Pascale, who was placing Mohamed in a police vehicle, and step in between PO Pascale and Mohamed.

37. The Criminal Court Complaint, as sworn to by PO Drozd in a Corroborating Affidavit, also falsely states that PO Drozd had to intervene and moved Ms. Elbassiony to prevent Ms. Elbassiony from grabbing PO Pascale.

38. The Criminal Court Complaint, as also sworn to by PO Pascale in a Corroborating Affidavit, also falsely states that PO Pascale felt a hand on his shoulder, that PO Pascale turned around and observed Ms. Elbassiony, and that this caused PO Pascale to become alarmed and annoyed.

39. An additional Criminal Court Complaint, as sworn to by PO Pascale in a Corroborating Affidavit, falsely states that PO Drozd observed Ms. Elbassiony run up behind PO Pascale and attempt to grab PO Pascale.

40. The additional Criminal Court Complaint, as sworn to by PO Pascale in a Corroborating Affidavit, also falsely states that PO Drozd had to restrain Ms. Elbassiony to prevent Ms. Elbassiony from grabbing PO Pascale.

41. In the Online Booking System Arrest Worksheet, PO Pascale falsely stated that, "as per PO Drozd…Deft did lunge her body towards officers affecting a lawful arrest, obstructing said officers from affecting the arrest."

42. Ms. Elbassiony had to attend court several times.

43. On July 10, 2018, a trial took place in the Criminal Court of the City of New York, County of Kings.

44. During testimony at trial, PO Pascale falsely stated, *inter alia*, that as he attempted to handcuff Mohamed, "I felt a force behind me, pushing me forward, a body mass, pushing me forward from my back. As I lunged forward I tried to straighten myself up but I realized that the mass of weight was getting lighter, was being removed from my back."

45. During testimony at trial, PO Slavin falsely stated, *inter alia*, that while arresting Mohamed "I felt something jump on my back…It was suddenly, unexpected. I felt a push towards like the car."

46. During testimony at trial, PO Drozd falsely stated, *inter alia*, that Ms. Elbassiony did not follow her instruction to get off the street onto the sidewalk, ran fifty yards towards PO Slavin and PO Pascale as they were arresting Mohamed, put her hands up, and got in between PO Slavin and PO Pascale as they were arresting Mohamed.

47. Ms. Elbassiony was found not guilty of all charges at trial.

48. As a result of the injury to Ms. Elbassiony's knee, Ms. Elbassiony underwent three surgeries.

49. Ms. Elbassiony has suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, physical pain, and loss of liberty.

**FIRST CAUSE OF ACTION**

(42 USC 1983 – Excessive Force: PO Topi, PO Mosby, and PO John Doe)

50. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

51. Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

52. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

53. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – False Arrest: PO Pascale, PO Mei, PO Varrone, Lt. Fleming, and Lt. Morales)

54. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

55. Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

56. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

57. Defendants confined Plaintiff.

58. Plaintiff was aware of, and did not consent to, her confinement.

59. The confinement was not privileged.

60. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial: PO Pascale, PO Slavin, and PO Drozd)

61. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

62. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

63. Defendants have deprived Plaintiff of her right to a fair trial, pursuant to the Fourteenth and Sixth Amendments to the United States Constitution.

64. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of her rights.

65. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution: PO Pascale, PO Slavin, PO Drozd, Lt. Fleming, and Lt. Morales)

66. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

67. Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

68. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was maliciously prosecuted by Defendants.

69. The malicious prosecution was initiated by Defendants, there was no probable cause for the prosecution of Plaintiff, the action was commenced and continued intentionally and with malice and deliberate indifference to Plaintiff's rights, and the proceedings terminated in favor of Plaintiff.

70. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

**FIFTH CAUSE OF ACTION**

(42 USC 1983 – Malicious Abuse of Process: PO Pascale, Lt. Fleming, and Lt. Morales)

71. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

72. Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

73. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff suffered from Defendants' malicious abuse of process.

74. Defendants employed regularly issued legal process to compel performance or forbearance of an act, with intent to do harm to Plaintiff and without excuse or justification, and in order to obtain a collateral objective that was outside the legitimate ends of the process.

75. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SIXTH CAUSE OF ACTION

(42 USC 1983 - Section 1983 Conspiracy: PO Pascale, Lt. Fleming, and Lt. Morales)

76. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

77. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

78. Defendants entered into an agreement or understanding, express or implied, to violate Plaintiff's constitutional rights and to accomplish an unlawful purpose, in that Defendants conspired to falsely arrest and maliciously prosecute Plaintiff and deny Plaintiff her right to a fair trial.

79. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SEVENTH CAUSE OF ACTION

(Retaliatory Prosecution: PO Pascale, Lt. Fleming, and Lt. Morales)

80. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

81. Plaintiff exercised her constitutional rights when making a complaint against the NYPD.

82. In retaliation, Defendants arrested and prosecuted Plaintiff without legal justification or probable cause.

83. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court

## JURY DEMAND

84. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
> And such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        December 5, 2019

By:         /s/        
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075